IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BART WAYNE BREWSTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-CV-00771-DGK |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Bart Wayne Brewster's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 42 U.S.C. § 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, with severe stenosis at L2-5 and moderate stenosis at the remaining levels; right wrist, status post fixation and carpal tunnel release; degenerative joint disease of the bilateral shoulders; and alcohol abuse disorder. The ALJ then found that Plaintiff met a listing for anxiety and obsessive-compulsive disorders due to his substance use. The ALJ then found that, if Plaintiff were to stop his substance use, he would retain the RFC to perform jobs which exist in significant numbers in the national economy. Because the ALJ determined that Plaintiff would not be disabled if he stopped the substance use, the ALJ held that Plaintiff was not disabled within the meaning of the Social Security Act.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability and disability insurance benefits on April 10, 2018, alleging a disability-onset date of January 17, 2017. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a video hearing on August 22, 2019, and on November 4, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 24, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is

not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence, and at step five by wrongly concluding that Plaintiff retained the RFC to perform other work.

RFC is defined as the most a claimant can still do despite his physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

The ALJ found that—even if Plaintiff ceased his substance use—his medically determinable impairments could reasonably be expected to produce Plaintiff's alleged symptoms.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Nonetheless, the ALJ concluded that Plaintiff's allegations of the intensity, persistence, and limiting effects of his symptoms were not borne out by the medical evidence and other evidence in the record. R. at 22. Ultimately, the ALJ held Plaintiff retained the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except: the claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, or scaffolds, and should have no exposure to hazardous conditions, such as working around heights or moving machinery.

R. at 21.

I. **The ALJ did not err in determining Plaintiff's RFC.**

Plaintiff argues that the ALJ erred in determining his RFC because she failed to include Plaintiff's non-severe mental limitations in the RFC. Pl. Br. at 13, ECF No. 10. Plaintiff relies on SSR 96-8p, which requires the ALJ, when assessing the RFC, to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 at * (July 2, 1996). While the RFC itself does not mention Plaintiff's mental impairments, the ALJ did consider Plaintiff's non-severe mental limitations in her analysis supporting the RFC determination. The ALJ noted that state agency medical consultant Dr. Marsha Toll, Psy.D., determined that Plaintiff's mental impairments were non-severe and that Dr. Toll's findings were supported by Plaintiff's reported activities of daily living, findings from hospital providers, and Plaintiff's normal mental status exams. R. at 24. The ALJ complied with SSR 96-8p.[2]

---

[2] Plaintiff also relies on SSR 96-8p to argue that the ALJ erred by failing to explain why she held—inconsistently with Dr. Toll's opinion—that Plaintiff's substance use met a listing. Pl. Br. at 14, ECF No. 10. This argument fails for two reasons. First, the ALJ did explain why she determined that Plaintiff's substance use caused him to meet a listing. R. at 16–19. Second, this is completely immaterial to Plaintiff's claim. Dr. Toll determined that Plaintiff's substance use was not material to a determination of disability and did not result in him meeting a listing. R. at 80. The ALJ disagreed, finding that Plaintiff did meet a listing. R. at 16. However, because Plaintiff met a listing as a result of his substance use, Plaintiff was not disabled under the terms of the Act. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."); 20 C.F.R. § 404.1535(b) ("The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you

Plaintiff next argues that the ALJ erred in relying on Dr. Toll's opinion because Dr. Toll did not examine or treat Plaintiff. Pl. Br. at 15. However Plaintiff filed his application for disability on April 10, 2018, and thus the "new"[3] regulations for evaluating medical evidence apply to Plaintiff's claim. *Berutti v. Saul*, No. 4:20-cv-0641-NKL, 2021 WL 1499313, at *3 (W.D. Mo. April 16, 2021) (discussing these changes to the regulations and holding the opinion of a non-examining, non-treating State agency physician can constitute substantial evidence). The "new" regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., the requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) *with* 20 C.F.R. § 404.1520c(b) (2017). The regulations now require the ALJ to focus on the persuasiveness of the medical opinion using such factors as: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. §§ 404.1520c(a)-(c) (2017). The most important factors are "supportability" and "consistency" in determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ should explain if he finds a medical opinion persuasive based on these two factors. *Id.*

The ALJ followed these regulations in evaluating Dr. Toll's opinion. She noted his opinion was "supported internally by explanation and the inclusion of findings from the record" and was also consistent with the evidence as a whole. Given this analysis, the ALJ did not err in relying on Dr. Toll's opinion.

---

disabled if you stopped using drugs or alcohol."). If the ALJ had agreed with Dr. Toll that Plaintiff did not meet a listing, the ALJ's determination that Plaintiff was not disabled would not have changed.

[3] The new regulations have been in effect since March 27, 2017. The Court is therefore separately issuing an order to show-cause as to why Plaintiff's Counsel should not be sanctioned.

5

Regarding Plaintiff's physical limitations, Plaintiff argues the ALJ erred by failing to include any limitations related to Plaintiff's right wrist impairment and carpal tunnel release and degenerative joint disease of the bilateral shoulders. While the RFC itself does not mention these impairments, the ALJ's analysis notes that Plaintiff had surgery in February 2009 for a right wrist injury followed by occupational therapy, that Plaintiff had a second surgery in July 2009 in which a plate was taken from his wrist, and that July 2018 imaging of Plaintiff's chest showed degenerative joint disease of the bilateral shoulder. R. at 22; 243, 351, 489. The ALJ also noted that Plaintiff retained the ability to manage his personal care, care for his dogs, drive, and prepare simple meals, and mow his lawn, all of which suggests these impairments are not as limiting as Plaintiff alleged. R. at 22; 62; 190–91. The ALJ therefore sufficiently considered these limitations.

Plaintiff next argues that that the ALJ erred in relying on state agency medical consultant Dr. Paul Spence, M.D.'s opinion because Dr. Spence did not examine or treat Plaintiff. Pl. Br. at 15. For the reasons stated above regarding the ALJ's reliance on Dr. Toll, Plaintiff's argument is unavailing. The ALJ concluded that Dr. Spence's opinion was "supported internally by explanation and the inclusion of findings from the record, such as the claimant's reported activities of daily living, imaging, and past surgical procedures," and also that it was "consistent with the evidence as a whole, specifically, imaging, the claimant's overall normal gait, and objective findings of tenderness and pain over the lumbar spine." R. at 19. As such, the ALJ did not err.[4]

Plaintiff next argues the ALJ wrongly relied on Dr. Spence's opinion because Dr. Spence did not consider Plaintiff's degenerative joint disease of the bilateral shoulders. This argument is without merit. As the Court noted above, the ALJ did consider medical evidence regarding

---

[4] *Supra* note 3.

Plaintiff's shoulders, as well as his activities of daily living. There is no requirement that a state agency medical consultant's opinion address every limitation in order for the ALJ to consider the opinion in formulating the RFC.

Plaintiff next argues that he was without health insurance and could not afford treatment during the relevant period, and the ALJ therefore failed to comply with SSR 16-3p. 2017 WL 5180304 (Oct. 25, 2017) at *9–10. ("When we consider the individual's treatment history, we may consider . . . [that] [a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services."). However, the ALJ did note that Plaintiff was without insurance. R. at 21. Further, the ALJ noted that Plaintiff still sought treatment for during the time period at issue—however his recommended treatment was conservative. R. at 22; *see* R. at 323–24 (prescribing Aleve, over-the-counter topical cream, and heat or ice for Plaintiff's back pain); R. at 395 (same); R. at 100 (prescribing naproxen and cyclobenzarine for muscle spasms and lower back pain); *see also* 20 C.F.R. § 404.1529(c)(3) (noting that the ALJ may consider evidence of the type and dosage of any medication taken and of any treatment other than medication received for relief of symptoms); *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that an ALJ may consider a conservative treatment history).

Finally, Plaintiff argues the ALJ erred by citing Plaintiff's daily activities of grooming himself, caring for pets, driving, and preparing simple meals as inconsistent with his allegations of physical disability. Plaintiff argues that these activities are not inconsistent with his allegations and that the ability to engage in such personal activities does not constitute substantial evidence that Plaintiff retains the RFC to engage in substantial gainful employment. Pl. Br. at 18, ECF No. 10 (citing *Sing v. Apfel*, 222 F.3d 448, 453 (8th Cir. 2000)). However, Plaintiff misstates the applicable standard of review. The Court must affirm if the ALJ's decision is supported by

substantial evidence *on the record as a whole*. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Thus Plaintiff's daily activities need not—on their own—be sufficient to support the ALJ's decision. Other evidence, such as objective medical evidence, must also be considered in conjunction with a plaintiff's daily activities. In this case, the ALJ not only considered Plaintiff's daily activities, but also objective medical evidence as well as Dr. Spence's opinion.

**II. The ALJ's conclusion at step five is supported by substantial evidence.**

Plaintiff argues that the ALJ's conclusion at step five is not supported by substantial evidence because the ALJ relied on a flawed RFC. As the Court noted above, the ALJ did not err in formulating the RFC, and Plaintiff's argument is therefore unavailing.

Finally, Plaintiff argues the ALJ erred because the RFC precludes Plaintiff from exposure to moving machinery, yet the vocational expert testified and the ALJ concluded, that Plaintiff retained the RFC to perform work as a bakery line worker. Work as a bakery line worker requires exposure to moving machinery, DOT 524.687-022, and the Government concedes the ALJ erred in this regard. However the vocational expert testified, and the ALJ likewise concluded, that Plaintiff retained the RFC to perform work as a retail marker and as a garment sorter, both of which jobs are available in significant numbers in the national economy[5] and neither of which run afoul of the RFC. DOT 209.587-034; 222.687-014. As such, the ALJ did not err in concluding Plaintiff retains the RFC to perform jobs which exist in the national economy.

---

[5] Plaintiff argues that the ALJ never concluded that these jobs were available in significant numbers in the national economy. Pl's Reply Br. at 9, ECF No. 18. Plaintiff misrepresents the record. The ALJ included a chart which stated that there were 200,000 "national positions" as a retail marker and 230,000 "national positions" as a garment sorter. R. at 25. This will be addressed in the Court's forthcoming show-cause order.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 8, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

9

Case 4:20-cv-00771-DGK   Document 19   Filed 02/08/22   Page 9 of 9