IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BART WAYNE BREWSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-00771-DGK-SSA |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING SANCTIONS

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff's application for Social Security disability insurance benefits. The Court previously affirmed the Commissioner's decision, ECF No. 19, and in a separate order, ECF No. 21, ordered Plaintiff's counsel to show cause why they should not be sanctioned for arguably misstating the law and the record.

Now before the Court is Plaintiff's counsels' response, the Commissioner's response, and Plaintiff's counsels' reply. ECF Nos. 22–24. After giving the matter much thought, the Court finds that Plaintiff's counsel misstated the law and the record but declines to impose sanctions.

**Standard**

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The attorney also certifies that "the factual contentions have evidentiary support." Fed.

R. Civ. P. 11(b)(3). The standard by which a potential violation is judged is "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017). If, after providing notice and a reasonable opportunity to respond, the Court determines an attorney has violated Rule 11(b), it may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1). The Court must be particularly careful when sanctions are imposed on the Court's own initiative. *Adams*, 863 F.3d at 1077. If an attorney violates Rule 11, the Court's sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Rule 11 is not the only potential source of sanctions here. The Court may sanction an attorney when the attorney "so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, or "abuses the judicial process," *Vallejo v. Amgen*, 903 F.3d 733, 749 (8th Cir. 2018) (inherent authority sanction).

**Background**

The alleged misstatement of law concerns the assertion in Plaintiff's initial brief on the merits ("the Initial Brief"), ECF No. 10, filed on May 10, 2021, that the opinions of state agency consultants Dr. Marsha Toll, Psy. D., and Dr. Paul Spence, M.D., were not substantial evidence because neither was a treating nor examining physician. The brief did not indicate this argument was an attempt to extend, modify, or reverse existing law, or to establish new law.

The Commissioner's response on the merits, filed on August 20, 2021, noted that Plaintiff's claim must be evaluated under new regulations which came into effect on March 27, 2017. Def.'s Br. at 5–6, ECF No. 15. As the Commissioner observed, unlike the old regulations, the new

regulations did not mandate particularized procedures that an ALJ must follow in considering opinions from treating sources. *Id*.

In the reply brief on the merits ("the Reply Brief") filed on October 1, 2021, Plaintiff's counsel intimated that the consultants' opinions could not be substantial evidence because they had no treating or examining relationship with Plaintiff. With respect to Dr. Toll, they wrote,

> . . . Dr. Toll's opinions are not substantial evidence to support the ALJ's decision. Defendant does not dispute the fact that Dr. Toll did not examine or treat Plaintiff. Defendant does not dispute the fact that 20 C.F.R. 404.1520c(c)(3) specifically states that factors to be considered by the ALJ in assessing the weight given to any opinion include the relationship between the physician and the claimant – specifically, whether there is a treating or examining relationship. Dr. Toll has no such relationship with Plaintiff. Dr. Toll's opinions are not substantial evidence to support the ALJ's decision.

Pl.'s Reply Br. at 1–2, ECF No. 18. Plaintiffs' counsel made the same argument with respect to Dr. Spence's opinions, arguing it was not substantial evidence, noting "Defendant again does not dispute the fact that Dr. Spence did not examine or treat Plaintiff." *Id*. at 5–6. In a footnote, Plaintiffs' counsel acknowledged that the regulations had been modified and the cited caselaw predated the change in the regulations. They also argued Social Security Ruling 96-8p had not been modified, and they noted the new regulations also required the ALJ to consider factors (plural) such as "a lack of examining or treating relationship in determining whether an opinion constitutes substantial evidence to support the ALJ's decision." *Id*. at 6 n.6.

In its show cause order, the Court observed,

> While this [description of the law] accurately described the regulations in place in previous decades, these regulations were superseded almost five years ago. Since Plaintiff filed his application for disability on April 10, 2018, the ALJ was required to apply a 'new' set of regulations for evaluating medical evidence that

> differs substantially from prior regulations. *Berutti v. Saul*, No. 4:20-cv-0641-NKL, 2021 WL 1499313, at *3 (W.D. Mo. April 16, 2021) (discussing these changes to the regulations and holding the opinion of a non-examining, non-treating State agency physician can constitute substantial evidence). The "new" regulations, published on January 18, 2017, and effective for claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requiring adjudicators to "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) with 20 C.F.R. § 404.1520c(b) (2017).

Show Cause Order at 1–2.

The potential misstatement of fact concerns the Reply Brief's assertion that the ALJ failed to make a factual finding that jobs as a retail marker or garment sorter existed in significant numbers in the national economy. Pl.'s Reply Br. at 9 ("Defendant's argument also requires the Court to make a factual finding not made by the ALJ that the two remaining jobs in the absence of the other job identified by the VE [bakery line worker], exists in significant numbers."). In fact, the ALJ's opinion included a chart labeled which stated that 200,000 positions as a retail marker existed in the national economy, 290,000 jobs existed as a bakery line worker in the national economy, and 230,000 positions as a garment sorter existed in the national economy which Plaintiff could perform. R. at 25. The title for this chart stated, "Table 1. Presentation of representative jobs in the local and national economy for representative positions the claimant is capable of working given the residual functional capacity and the framework of the Dictionary of Occupational Titles." R. at 25.

## Discussion

The Court's show cause order identified a misstatement of law and a misstatement of fact in the Initial Brief that might warrant sanctions. It also identified three potential sources of sanctions: Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority.

After reviewing the record and the parties' briefs, the Court holds Rule 11 is the most relevant and appropriate mechanism to address Plaintiff's counsels' behavior, and so it analyzes the Initial Brief under Rule 11 only.

I. **Under Rule 11, the Court can sanction only Ms. Shine.**

The Court first determines who is responsible for any sanctionable misstatements. Two attorneys had a role in drafting these briefs, but only one signed and filed it. Attorney Andrea Stubblefield prepared the Initial and Reply Briefs but did not sign them; the other attorney, Cathleen Shine, reviewed, edited, signed, and filed them. Because Ms. Shine was the only person who signed, filed, and submitted the briefs, only she could be sanctioned here under Rule 11. Fed. R. Civ. P. 11(b)(2). Throughout this order, however, the Court will nonetheless refer to "Plaintiff's counsel" (attorneys in the plural) because both attorneys had a hand in drafting it.

II. **Although Plaintiff's counsel submitted a brief which arguably misstated the law, the Court will not impose Rule 11 sanctions here.**

   a. **Plaintiff's counsel submitted a brief which misstated the law.**

In their response to the Court's show cause order, Plaintiff's counsel note that they did cite the new regulation, and it "does state, as reflected in Plaintiff's Initial Brief, that a treating and/or examining relationship is a factor to be considered, although it need not be articulated." Resp. to Show Cause at 2, ECF No. 22.

The Commissioner responds that, "Plaintiff's categorical assertion that the opinion of a non-examining, non-treating physician cannot constitute substantial evidence is not an accurate reflection of Social Security law, even before adoption of the 2017 regulatory changes." Def.'s Resp. at 2. The Commissioner asserts that even prior to the 2017 changes, "the opinions of non-examining physicians, standing alone, <u>generally</u> did not constitute substantial evidence upon the record as a whole, especially when they were contradicted by a treating physician's medical

opinion." *Id*. at 1–2 (emphasis in original). The Commissioner also notes there were two exceptions to this general rule: "(1) where other medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id*. at 2 (quoting *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007) (citing cases)). Thus, in cases such as this one, where opinions of non-examining physicians along with other evidence in the record form the basis for the ALJ's decision, the ALJ's decision is supported by substantial evidence. *Id*. (citing *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004). The Commissioner concludes, "Bluntly put, Plaintiff's statements that the opinions of state agency consultant Marsha Toll, Psy. D., and state agency medical consultant Paul Spence, M.D., were not substantial evidence because neither examined nor treated Plaintiff were not accurate." *Id*.

In their reply, Plaintiff's counsel dispute the Commissioner's assertion that their description of the law was not accurate even prior to 2017, arguing that the general rule prior to 2017 was that the opinion of a non-examining, non-treating state agency physician did not constitute substantial evidence. Reply at 1, ECF No. 24. They also contend "there is abundant case law reversing and remanding where the only opinion was that of a non-examining, non-treating State agency physician." Reply at 1. They explain that the argument that the consultants' opinions were not substantial evidence was "based on the fact 20 C.F.R. 404.1520c(c) requires consideration by the ALJ of *factors* such as a treating relationship and an examining relationship in assessing medical opinions. Counsel cited the correct regulation in making this argument." *Id*. at 2 (emphasis added). In closing, they contend sanctions are not warranted because the arguments were presented in good faith, with no intent to mislead, and their brief cited case law that supports that argument.

With respect to the threshold issue here, namely, whether Plaintiff's counsel misstated the relevant, applicable law, the Court finds they did. There is a subtle but important difference between how Plaintiff's counsel described the law in the Initial and Reply Briefs and how they describe it in their various responses to the Court's show cause order. The former briefs suggested that the consultants' opinions were not substantial evidence solely because neither treated nor examined Plaintiff. Although they mentioned factors (plural), they did it in such a way as to indicate that the only thing that mattered was the lack of a treating or examining relationship. The latter briefs straightforwardly acknowledge: (1) that there are multiple factors the ALJ must consider in determining whether an opinion constitutes substantial evidence; (2) that whether the consultants treated or examined Plaintiff is only one of these factors; and (3) the regulations do not require the ALJ to articulate this relationship. Thus, the former briefs painted a misleading picture of the law, the latter an accurate one.

Plaintiff's counsels also claim that the Initial and Reply Briefs were not misleading because they cited case law supporting their argument. This argument is unpersuasive, however, because the caselaw they cited applied to the old regulations, not the new ones.

Considering the above, the Court concludes Plaintiff's counsel misstated the law.

### a. The statement arguably manifests reckless disregard for counsels' duty to the Court, but the Court will not impose sanctions.

The next step is determining "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," and merits sanctions. *Adams*, 863 F.3d at 1077. The Court must be particularly careful here since it is imposing sanctions on its own initiative. *See id*.

The Court notes that Plaintiff's counsel cited the updated regulation in the Initial Brief but argued as if the law had not changed. The Court also notes that three weeks before the Initial Brief

was filed (and several months before the Reply Brief was filed) another court in this district released a decision which discussed the changes to the regulations and held that the opinion of a non-examining, non-treating State agency physician can constitute substantial evidence. *Berutti v. Saul*, No. 4:20-cv-0641-NKL, 2021 WL 1499313, at *3 (W.D. Mo. April 16, 2021). While not binding authority, this case put Plaintiff's counsel on notice that the law had changed. These facts weigh in favor of imposing sanctions.

The Court also notes that Social Security disability law is a relatively complex area of law where district court judges are operating in a different role, acting as appellate judges reviewing opinions from overworked administrative law judges. In these circumstances, an attorney can gain a tactical advantage by misstating the law to the Court. Because of this, it is crucial that attorneys who practice in this area of law scrupulously observe their duty to accurately represent the law to the Court.

While Plaintiff's counsels' actions here might support an inference that they intentionally misrepresented the law, the Court takes counsel at their word that they did not mean to mislead. This weighs against sanctions. Whether Plaintiff's counsel exhibited reckless disregard for their duties to the Court is a much closer call.

While there is some evidence that Plaintiff's counsel exhibited reckless disregard and should be sanctioned, the Court declines to do so. The Court notes that while the Commissioner, represented by the U.S. Attorney, believes Plaintiff's counsel misstated the law, the Commissioner is agnostic as to whether sanctions are warranted here. *See* Def.'s Resp. at 3 ("The Acting Commissioner recognizes the gravity and seriousness associated with imposing sanctions and defers to the Court's judgment as to whether sanctions are warranted"). The record here is also somewhat equivocal, and the Court must be particularly careful when imposing sanctions on its

8

own initiative. Finally, the Court is optimistic that issuing this order, which essentially admonishes Plaintiff's counsel, will accomplish the purpose of sanctions—deterring such conduct by Plaintiff's counsel and other attorneys—without the Court having to impose sanctions.

### III.     Plaintiff's counsel should not be sanctioned for misstating the record.

The potential misstatement of fact concerns Plaintiff's counsels' claim that the ALJ did not make factual findings whether the jobs of retail marker and garment sorter existed in significant numbers in the national economy. A chart in the ALJ's opinion clearly indicated 200,000 positions as a retail marker and 230,000 positions as a garment sorter existed in the national economy which Plaintiff could perform.

Plaintiff's counsel respond that their argument was that the ALJ did not make findings that the jobs of retail marker and garment sorter, *in the absence of the job of bakery line worker*, existed in significant numbers. That is, the ALJ found that all three jobs, in combination, existed in significant numbers, but did not find that each of the jobs individually existed in significant numbers, so the ALJ erred. Plaintiff's counsel conclude, "at worst, there is a disagreement as to the facts. Counsel certainly did not misstate the facts intentionally nor with a desire to mislead the Court." Reply at 5.

This argument is unpersuasive because the chart and the accompanying explanation conclusively refute any claim that the ALJ failed to make a factual finding about the number of retail marker and garment sorter jobs that in the national economy in the absence of the bakery line jobs. The chart clearly expresses the ALJ's finding that 200,000 retail marker jobs and 230,000 garment sorter jobs exist in the national economy. Thus, counsel misstated the record.

That said, the Court takes Plaintiff's counsel at their word that they did not intend to misstate the record. While this misstatement was arguably reckless, it was such an obvious

misstatement and so easily caught that it had little chance of impacting the Court's decision. Under the circumstances, the Court finds an admonishment is appropriate and declines to impose sanctions.

### Conclusion

For the reasons discussed above, the Court declines to sanction Plaintiff's counsel under Rule 11.

**IT IS SO ORDERED.**

Date:  December 9, 2024                     /s/ Greg Kays
                                                                       GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT